### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EL IDRISSI GUELLAL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) Case No. CIV-08-164-F |
| | ) |
| MICHAEL CHERTOFF, Secretary; et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

### **ORDER**

Plaintiffs, El Idrissi Guellal, a citizen of Morocco, and his wife, Cristina Teresa Guellal, a citizen of the United States, commenced this action against defendants on February 19, 2008, requesting the court to compel defendants to complete the processing of routine national security checks and to adjudicate plaintiff El Idrissi Guellal's pending Application to Register Permanent Residence or to Adjust Status, an I-485 application. In their complaint, plaintiffs allege that plaintiff, El Idrissi Guellal, was lawfully admitted as a K-3 visa holder on April 4, 2006. Plaintiffs allege that plaintiff, El Idrissi Guellal, is the beneficiary of an approved Petition for Alien Relative filed on his behalf by his wife, plaintiff, Cristina Teresa Guellal. According to the complaint, Mr. Guellal filed his I-485 application with the United States Citizenship and Immigration Service (USCIS) on July 24, 2006. Plaintiffs allege that Mr. Guellal was fingerprinted on August 22, 2006, and that an adjustment of status interview was conducted on October 18, 2006. Plaintiffs allege that, since the completion of the October 2006 interview, they have made numerous inquiries through counsel as to the status of the I-485 application and have been advised that

the application cannot be adjudicated until completion of the standard background clearances.  According to the complaint, the normal processing time for the I-485 application is approximately seven months.  Plaintiffs allege that defendants have failed to adjudicate the I-485 application within a reasonable time.  Plaintiffs allege that the court has jurisdiction over their action under 28 U.S.C. § 1331 and § 1361, 5 U.S.C. § 701, *et seq.*, and 28 U.S.C. § 2201.

On April 28, 2008, defendants filed a Motion to Dismiss, pursuant to Rule 12(b)(1), Fed. R. Civ. P., asserting that the court lacks subject matter jurisdiction over this action.  Initially, defendants point out that the adjustment of an alien's status is within defendants' discretion, citing 8 U.S.C. §1255(a), and that the regulations governing the adjustment process do not set a time frame for adjudication by defendants.  Defendants also assert that Congress has specifically divested the courts of jurisdiction to review decisions or actions relating to status applications under 8 U.S.C. § 1252(a)(2)(B) and that plaintiffs have failed to invoke the court's subject matter jurisdiction.

As to subject matter jurisdiction, in addition to the argument under § 1252, defendants contend that 28 U.S.C. § 1331 and § 1361 contain no waiver of the government's sovereign immunity; they assert that mandamus relief sought under § 1361 is not appropriate because no clear non-discretionary duty exists to process plaintiff's El Idrissi Guellal's application; they argue that the Declaratory Judgment Act, 28 U.S.C. § 2201, neither grants subject matter jurisdiction nor waives sovereign immunity; and they contend that the Administrative Procedure Act ("APA"), 5 U.S.C. § 701(a), precludes judicial review.  Moreover, defendants assert that the APA precludes judicial review because the application for adjustment of status is a matter, as previously stated, committed to agency discretion, as to which an aggrieved person is not entitled to review under the APA.  Finally, in their reply, defendants contend

that they have not failed to act on plaintiff's El Idrissi Guellal's application. According to defendants, they made an affirmative decision on August 31, 2007, to suspend the application in accordance with 8 C.F.R. § 103.2(b)(18) pending further investigation and inquiry. Thus, the government argues, in substance, that this matter is moving right along, as evidenced by its decision to put it on the back burner.

Although not mentioned by either party, the court previously concluded, in Lin v. Chertoff, 2007 WL 2301118 *2 (W.D. Okla. Aug. 8, 2007), that jurisdiction exists under § 1331 and the APA to compel the USCIS to act on a status application if the USCIS's delay in taking action is unreasonable. The court also concluded that section 1252(a)(2)(B) does not divest the court of jurisdiction in that situation. The court further concluded that the APA, specifically 5 U.S.C. § 706(1), provides a waiver of sovereign immunity. The court finds no reason to deviate from its prior ruling.

In this case, plaintiff's I-485 application has been pending nearly two years. The court finds that plaintiffs have made a prima facie showing that defendants' delay in processing the I-485 application is unreasonable. *See*, Lin, 2007 WL 2301118 *2 and cases cited therein.

As has been noted, defendants argue that they have not failed to act because they have made the decision to suspend adjudication of Mr. Guellal's application under 8 C.F.R. § 103.2(b)(18) pending an investigation. While subsection 103.2(b)(18) permits the USCIS to withhold adjudication of an application, that subsection establishes a specific, multi-layered review procedure to be followed to determine whether continuing delay (in six-month increments after a year passes following the beginning of an investigation) is warranted. In addition, under section 103.2(b)(18), the district director must determine that "the disclosure of information to the applicant . . . in connection with the adjudication of the application . . . would prejudice the ongoing investigation." Although defendants have submitted the

declaration of Field Office Director, Jose R. Olivares, to establish compliance with subsection 103.2(b)(18), the declaration is clearly insufficient to show compliance with the procedure prescribed in subsection 103.2(b)(18).  The court therefore concludes that subsection 103.2(b)(18) does not warrant dismissal of plaintiffs' action. *See*, Dong v. Chertoff, 513 F.Supp.2d 1158, 1168-1169 (N.D. Cal. 2007); Cao v. Upchurch, 496 F.Supp.2d 569, 576-77 (E.D. Pa. 2007); Elmalky v. Upchurch, 2007 WL 944330 *4 (N.D.Tex. March 28, 2007); Patel v. I.N.S., 2000 WL 298921 *2, n. 3 (E.D. Mo. Jan. 20, 2000).

Accordingly, Defendants' Motion to Dismiss, filed April 28, 2008 (doc. no. 4), is **DENIED**.  By separate notice, this matter will be set on the court's August, 2008 status and scheduling docket.

Dated this 14th day of July, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0164p003 rev (pub).wpd